IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:21-cr-00093 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| LAZAVION KERN | ) | |

## MEMORANDUM and ORDER

Pending before the Court is Defendant's Motion to Dismiss the Indictment pursuant to the the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*. (Doc. No. 240), and the Government's Response (Doc. No. 256).

For the reasons stated herein, Defendant's Motion to Dismiss is **DENIED**.

## I. BACKGROUND

On June 7, 2021, the Grand Jury returned an Indictment charging Defendant Kern and co-defendants Michael Fitts and Antonio Jones with armed Hobbs Act robbery and brandishing a firearm during commission of the robbery. (*Id*., at 42). Defendant Kern waived personal appearance at the arraignment and entered a plea of not guilty. (Doc. No. 50, 51). His co-defendants Fitts and Jones were arraigned on June 15, 2021, and June 18, 2021, respectively. (Doc. Nos. 47, 52).

The case was initially set for trial on August 10, 2021. (Doc. No. 53). During a status conference on July 7, 2021, all three defendants requested a continuance of the trial date and all three signed waivers of Speedy Trial. (Doc. Nos. 54-57). The Court continued the trial to February 8, 2022. (Doc. No. 58).

On January 25, 2022, Defendant Fitts filed a motion to continue the February 8, 2022 trial date. (Doc. No. 68). Counsel for Defendant Fitts stated that Defendants Kern and Jones did not

oppose the requested continuance. (*Id*.). All three defendants filed signed waivers of Speedy Trial. (Doc. Nos. 69-71). The Court continued the trial to June 28, 2022. (Doc. No. 72).

On May 27, 2022, Defendant Fitts moved to continue the trial. (Doc. No. 93). Defendant Kern, through counsel, filed a response to the motion stating that he did not have any objection to a continuance of the trial date. (Doc. No. 95). The Court continued the trial to October 11, 2022. (Doc. No. 96).

Both Defendants Kern and Jones moved to continue the October 11, 2022 trial date. (Doc. Nos. 107-08). Defendant Fitts joined in the motion. (Doc. No. 113). All three defendants submitted waivers of the Speedy Trial Act. (Doc. Nos. 110, 112, 114). The Court continued the trial to January 31, 2023. (Doc. No. 115). On November 1, 2022, Defendant Fitts entered a plea of guilty.[1] (Doc. No. 120-121).

On January 23, 2023, the Grand Jury returned a Superseding Indictment as to Defendants Kern and Jones, charging them with four additional counts – three Hobbs Act robberies, and one brandishing of a firearm during a crime of violence. (Doc. No. 141). At a status conference on January 25, 2023, Defendant Kern moved to continue the January 31, 2023 trial and signed a waiver of Speedy Trial. (Doc. Nos. 147, 148). The Court continued the trial to September 12, 2023. (Doc. Nos. 149, 156).

Defendant Jones entered a plea of guilty to Counts One and Two of the Superseding Indictment on May 23, 2023.[2] (Doc. No. 172).

On August 8, 2023, Defendant Kern filed a motion to suppress. (Doc. No. 186). The motion pertained to statements made by Kern to law enforcement in February 2020 which Kern contended

---

[1] Defendant Fitts was sentenced on May 22, 2023. (Doc. No. 170).

[2] Defendant Jones has not been sentenced.

were made in violation of the Fifth, Sixth, and Fourteenth Amendments. On August 22, 2023, the United States filed a response in opposition and sought leave to manually file two compact discs with Defendant Kern's interviews. (Doc. No. 198, 199). With leave of Court, the compact discs were filed the following day. (Doc. No. 200). On August 24, 2023, the Court ordered the parties to file supplemental briefs on the motion to suppress, and continued the trial then set for September 12, 2023, "[t]o provide the Court with the time necessary to receive and review the supplemental filings and rul[e] on the motion." (Doc. Nos. 201, 202). In the Order continuing the trial, the Court explained that the continuance was necessary to "provide the Court with the time necessary to receive and review the supplemental filings and ruling on [Defendant's motion to suppress]." (Doc. No. 202 at 1). The Court specifically found:

> [T]he delay is reasonable and excludable under 18 U.S.C. § 3161(h)(1)(D) for the Court's review and disposition of Defendant's pretrial motion. The delay is also reasonable and in the interest of justice under Sections 3161(h)(7)(A) and (B). Failure to continue to trial to allow for a complete review of whether Defendant's rights were violated by the interrogations in question would "result in a miscarriage of justice." 18 U.S.C. §3161(h)(7)(B)(i).

(*Id.*).

Counsel for Defendant Kern requested, and the Court granted, an extension of time to September 14, 2023, to file a supplemental brief. (Doc. Nos. 203, 204). On September 7, 2023, the Government notified the Court that it had decided to "self-suppress" the statements at issue in Kern's motion. (Doc. No. 205). On September 11, 2023, the Court issued an Order declaring the motion to suppress moot based on the Government's response. (Doc. No. 206).

While the Motion to Suppress was pending, on August 20, 2023, Defendant Kern filed five motions in limine. (Doc. Nos. 192-196). In the Order continuing the trial to December 12, 2023, the Court set new deadlines for motions in limine and responses there to and ordered the parties to

3

notify the Court if they intend to rely on their previously filed motions in limine by November 21, 2023. On November 21, 2023, counsel for Defendant Kern notified the Court that the parties had conferred regarding the pending motions in limine. He stated that the Government would not seek to introduce the evidence at issue in two of the motions, but that Motions in Limine Nos. 3, 4, and 5 (Doc. Nos. 194, 195, 196) remained in dispute. (Doc. No. 237). The Government filed responses to these motions on November 22, 2023 (Doc. No. 242, 243 (Responses to Motions in Limine Nos. 4 and 5)), and November 28, 2023 (Doc. No. 252 (Response to Motion in Limine No. 3)).

Eight additional motions in limine were filed by the parties between November 8, 2023, and November 21, 2023. (*See* Doc. Nos. 220-23, 235, 236, 238-39). Responses to these eight motions were filed between November 17, 2023, and November 29, 2023. (Doc. Nos. 231-234, 247-48, 251, 255). On November 21, 2023, Defendant Kern filed the instant motion to dismiss. (Doc. No. 240). The thirteen motions in limine and Defendant's Motion to Dismiss remain pending before the Court. A pretrial conference, which will also serve as a hearing on motions in limine, is scheduled for December 4, 2023. (*See* Trial Order, Doc. No. 202).

Finally, the Court notes that Defendant Kern filed a motion to transfer facilities on October 24, 2023. (Doc. No. 212). This motion was resolved on November 3, 2023. (Doc. No. 216).

## II. ANALYSIS

### A. The Speedy Trial Act

The Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq*., governs the time within which a defendant charged with a crime in federal court must proceed to trial. The statute provides that a trial shall commence within seventy (70) days from the filing date of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which the charge is

4

pending, which ever date occurs last. 18 U.S.C. § 3161(c)(1). Certain periods of delay, however, are excluded from the time calculation. *Id*. § 3161(h).

As relevant here, these excludable periods include any delay resulting from a continuance granted on the basis of the Court's finding that the "ends of justice served" by granting a continuance "outweigh the best interest of the public and the defendant in a speedy trial." *Id*. § 3161(h)(7)(A). Excludable periods also include "any period of delay resulting from other proceedings concerning the defendant, including but not limited to – … (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion; …(H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court …" *Id*.

Defendant Kern contends the Government has violated his rights under the Speedy Trial Act by failing to bring him to trial within 70 days. Defendant acknowledges that the vast majority of the delay was with his express consent and waiver of the Speedy Trial Act. He argues however, that the "countable days" exceed the 70 days allowed under the Speedy Trial Act. Defendant identifies two periods of "countable days." First, he points to the time between arraignment of the latest co-defendant on June 18, 2021, and the first request to continue the trial, which was made on July 7, 2021. He calculates 19 countable days during this period.

Defendant next points to the delay related to the filing of the motion to suppress on July 8, 2023, and the Court's continuance of the trial to December 12, 2023. Defendant Kern contends the speedy trial clock began to run again when the Government stated that it would not seek to admit the evidence that was the subject of the motion to suppress. Kern asserts that the speedy trial clock ran continuously from September 8, 2023, to the December 12, 2023 trial date, which is 96 days.

5

The Government responds that the continuance of the September 12, 2023 trial date to December 12, 2023, was a valid ends of justice continuance, and the time period of the delay is therefore excludable under 18 U.S.C. § 3161(h)(7)(A). The Government does not challenge Defendant's contention that the 19 days between his co-defendant's arraignment and the first motion to continue are "countable days."

Accordingly, the Court will assume those 19 days are countable and consider only the delay between September 8, 2023, and the scheduled trial date of December 12, 2023.

**B. Ends of Justice**

On August 23, 2023, when the Court continued the September 12, 2023 trial date, Defendant Kern had filed a motion to suppress evidence, which would not be fully briefed until at least September 7, 2023. (*See* Doc. No. 186, 201). The Court reasoned that a continuance was warranted to allow the court time to consider the motion to suppress and to allow the parties to prepare for trial following the Court's ruling. (*See* Doc. No. 202). In the Order to continue, the Court specifically found that "[f]ailure to continue to trial to allow for a complete review of whether Defendant's rights were violated by the interrogations in question would 'result in a miscarriage of justice.'"

The period of continuance between the September 11, 2023 Order resolving Defendant's motion to suppress and the December 12, 2023, trial date is excludable under 18 U.S.C. § 3161(h)(7)(A) and (B).[3] This reason alone is sufficient to find that commencing the trial on December 12, 2023, will not result in a violation of the Speedy Trial Act.

---

[3] The Court notes that neither party requested an earlier trial date following the resolution of the motion.

## C. Pretrial Motions

Even if the time period is not excludable under 18 U.S.C. § 3161(h)(7)(A) and (B), the speedy trial clock was tolled during the pendency of pretrial motions. The filing of pretrial motions "stops the speedy trial clock from running automatically upon the filing of a pretrial motion irrespective of whether the motion has any impact on when the trial begins." *United States v. Tinklenberg*, 563 U.S. 647, 653 (2011) (citing 18 U.S.C. § 3161(h)(1)(D)).

The Supreme Court has interpreted exclusion related to pretrial motions "to mean that 'when a pretrial motion requires a hearing, [it] on its face excludes the entire period between the filing of the motion and the conclusion of the hearing." *United States v. Felix*, 850 F. App'x 374, 381 (6th Cir. 2021) (citing *Henderson v. United States*, 476 U.S. 321, 329 (1986)). "Upon completion of the hearing (as well as the receipt of supplemental filings related to the heard motion), the Act then requires 'prompt disposition' of the motion that is now considered 'actually under advisement.'" *Id*. "But even then, § 3161(h)(1)(H) excludes up to thirty days from that date." *Id*.

For motions that do not require a hearing, "the time after the motion is filed, while the district court may be waiting for additional submissions from the parties, is automatically excluded." *United States v. Mentz*, 840 F.2d 315, 327 (6th Cir. 1988) (citing *Henderson*, 476 U.S. at 331). Once the submissions have been furnished to the court, the motion is "under advisement" during which the Act excludes a maximum of thirty days. *Id*.; *see also*, *Henderson*, 476 U.S. at 329 (stating that a motion is "actually under advisement" when "the court receives all the papers it reasonably expects…"); *United States v. Jenkins*, 92 F.3d 430, 439 (6th Cir. 1996) ("If the motion did not require a hearing, a court should exclude all the days during which it is waiting for

7

filings from the parties" and a maximum of thirty days "after the court receives all the information necessary to decide a motion.").

Kern acknowledges that the motion to suppress was not the only motion pending before the Court during this period. In fact, there are a total of thirteen motions filed between August 20, 2023, and November 21, 2023. Kern contends that none of these motions are excludable because they "have not warranted a pretrial hearing." (Doc. No. 241 at 9). But this is simply not the case. As an initial matter, although the Court has not specifically scheduled a hearing on these motions, in the usual course, the Court hears from the parties on motions in limine at the pretrial conference. As such, the pretrial conference typically serves as a hearing on motions in limine and will do so in this case.[4]

Even if none of these thirteen motions warranted a hearing, the time to consider such motions is excludable from the date of filing until thirty days after the Court has "received all of the papers it reasonably expects." *Mentz*, 840 F.2d at 327 (citing *Henderson*, 476 U.S. at 329)). For all of these motions, at a minimum the Court expected a response from the opposing party. Some of the motions filed August 20, 2023, were not fully-briefed until November 28, 2023. (*See* Doc. No. 252 (Government response to Defendant's Motion in Limine No. 3)). Therefore, the thirty-day excludable period with regard to these motions extends through the trial date.

The Court expects Defendant takes issue with the extended briefing schedule for these August motions. But he has effectively consented to the extending briefing by not objecting to the revised briefing schedule, which was imposed by the Court in its August 24, 2023 Order. Moreover, it was not until November 20, 2023, that defense counsel met and conferred with the

---

[4] The undersigned's Practice and Procedure Manual describes how motions in limine are typically decided at the pretrial conference.

8

Case 3:21-cr-00093　　Document 257　　Filed 12/04/23　　Page 8 of 9 PageID #: 946

Government regarding the August motions, and the following day advised the Court which motions remained in dispute. (*See* Doc. No. 237).

Even if the August motions had been responded to on a more typical schedule, for example ten days, there still would not be a speedy trial violation here. By the Court's calculation of these hypothetical response periods, if the United States responded to Defendant's August 20, 2023 motions within ten days of those motions on August 30, 2023, the excludable period would extend through September 29, 2023. Under this hypothetical, the countable days would be from September 30, 2023, through the filing of the next pretrial motion, which in this case was Defendant's motion to transfer from the Laurel County Jail to Nashville filed on October 25, 2023. (Doc. No. 212).[5] This is a total of 25 countable days. The motion to transfer was resolved quickly by November 3, 2023. (Doc. No. 216). The speedy trial clock hypothetically started to run again on November 4, 2023, and stopped on November 8, 2023, when the United States filed four motions in limine. (Doc. Nos. 220-23). This is four countable days, for a total of 29 countable days. Even adding the 19 days between the arraignment and the first motion to continue (which only apply to Counts One and Two from the original indictment), there is no speedy trial violation.

### III. CONCLUSION

For the reasons stated, the Court finds no violation of the Speedy Trial Act in this case. Accordingly, Defendant's Motion to Dismiss (Doc. No. 240) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[5] The statute excludes "any pretrial motion." *See United States v. Mentz*, 840 F.2d 315 (6th Cir. 1988) (excluding time related to the defendant's motions for visitation with his parents).